UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ, CDCR #T-42888,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MALHOTRA; DR. ZHANG; WARDEN OF R.J. DONOVAN CORRECTIONAL FACILITY; AND ASSOCIATE WARDEN OF R.J. DONOVAN CORRECTIONAL FACILITY,<br><br>Defendants. | Case No.: 3:19-cv-2056-JLS-AHG<br><br>**ORDER: (1) DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; (2) DENYING MOTION TO APPOINT COUNSEL; AND (3) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**<br><br>(ECF Nos. 2, 3, 4) |

Plaintiff Manuel Antonio Gonzalez, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil action filed pursuant to 42 U.S.C. § 1983. ECF No. 1 ("Compl."). Plaintiff has filed a Motion to Appoint Counsel (ECF No. 2), a Motion for Preliminary Injunction (ECF No. 3), and a Motion for a Temporary Restraining Order ("TRO") (ECF No. 4). Plaintiff prepaid the $400 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he submitted his Complaint. *See* ECF No. 5.

///

The Court will first consider Plaintiff's Motion to Appoint Counsel, then conduct the required sua sponte screening pursuant to 28 U.S.C. § 1915A, and finally turn to Plaintiff's Motions for TRO and Preliminary Injunction.

## MOTION TO APPOINT COUNSEL

Plaintiff requests that the Court appoint him counsel in this matter. *See* ECF No. 2. There is no constitutional right to counsel in a civil case. *See Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). A district court may at its discretion appoint counsel if "exceptional circumstances" exist. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

Here, nothing in the record at this stage in the case demands that the Court exercise its limited discretion to request that an attorney represent Plaintiff pro bono pursuant to 28 U.S.C. § 1915(e)(1). As currently pled, Plaintiff's Complaint demonstrates that, while he may not be formally trained in law, he nevertheless is capable of articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff has yet to show he is likely to succeed on the merits of his claims. Therefore, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 2).

## SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A

### I. Legal Standard

Plaintiff was incarcerated at the time he filed this action. *See generally* Compl. "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1915A(c); *see also Olivas v. Nev. ex rel. Dept. of*

///

*Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of section 1915A apply to all prisoners—no matter what their fee status is—who bring suit against a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas*, 856 F.3d at 1283 (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).[1]

Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

---

[1] A similar screening would be required if Plaintiff were proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

"unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## II. Factual Allegations

Plaintiff alleges that he was "subjected" to a "past head injury" on March 18, 2014. Compl. at 13. Plaintiff alleges that this injury resulted in "concussion, post-concussion syndrome, long term memory loss, short term memory loss, off balance, loss of coordination," and "constant pressure in head." *Id.* He further alleges that the "constant pressure in head" later led to "high blood pressure in eyes, damaging eye sight, irreparable nerve damage" which resulted in Plaintiff having to "take prescription eye drops" for the rest of his life. *Id.*

Plaintiff alleges that Defendant Dr. Malhotra, a neurologist, "never ordered [an] EMG test for nerve damage" resulting in "nerve damage and optic nerve damage." *Id.* Plaintiff claims that this damage to his eyes was "discovered by neuro-ophthalmologist" in February of 2019. *Id.* Plaintiff alleges Dr. Malhotra "was trying to cover up [Plaintiff's] injuries" because he failed to provide "adequate medical care." *Id.* at 14.

Plaintiff alleges Defendant Dr. Zhang, his primary care provider, denied him adequate medical care when he purportedly failed to "re-schedule [a] return follow up appointment with [a] 'neuro ophthalmologist.'" *Id.* at 16. The neuro ophthalmologist had "ordered [a] 'return appointment follow up' . . . specifically to monitor high blood pressure in eyes and the effects of prescription eye drops, and monitor damage eyesight." *Id.*

Plaintiff alleges that when he was examined by Dr. Zhang, Dr. Zhang "noted [that the] specialist report incorrectly stated glaucoma." *Id.* Plaintiff alleges that although he had not been diagnosed with glaucoma, Dr. Zhang "refused to document Plaintiff's request to document the report was incorrect." *Id.* Plaintiff alleges Dr. Zhang's refusal to schedule a follow up with the specialist caused Plaintiff to be "subjected to blindness" and "losing eyesight without [a] specialist monitoring [the] high blood pressure in eyes" or receiving "prescription eye drops." *Id.* at 17.

Plaintiff also alleges that Defendants "deliberately placed" him in the "wrong classification of 'double cell clearance' when 'single cell' was correct classification." *Id.* at 18. Plaintiff alleges that he was "denied the right to appeal ICC committee decision." *Id.* Plaintiff asserts that at his "initial review committee" when he arrived at RJD, he "explained" that if he Defendants housed him in a double cell, "any inmate [who] was placed in cell . . . would be assaulted in Plaintiff's self-defense." *Id.* at 19. Based on his explanation, Plaintiff maintains that the classification committee should have scheduled a "separate single cell review committee." *Id.* Plaintiff claims his correctional counselor, Medina, "never provided" documents for Plaintiff to file an appeal of the decision to house him in a double cell. *Id.* Plaintiff alleges Medina "deliberately placed Plaintiff on wrong classification to cause harm to Plaintiff." *Id.* at 20.

Plaintiff is seeking $21,000,000 in "nominal, compensatory, and punitive damages," along with injunctive relief. *See id.* at 21–22.

**III. Discussion**

   *A. Inadequate Medical Care Claims*

To the extent that Plaintiff contends Defendants Dr. Malhotra and Dr. Zhang failed to provide him with adequate medical care, he fails to allege a plausible Eighth Amendment claim. *See Iqbal*, 556 U.S. at 678; *Wilhelm*, 680 F.3d at 1121 (citing 28 U.S.C. § 1915A).

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires facts sufficient to show (1) "a 'serious medical need' by demonstrating that failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

"Serious medical needs can relate to 'physical, dental and mental health.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (quoting *Hoptowit v. Ray*, 682 F.2d 1237,

1253 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). But prison officials are not deliberately indifferent unless they "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cnty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010), and is present only in cases where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and that the indifference caused harm. *Jett*, 439 F.3d at 1096. The alleged indifference to medical needs must also be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106.

As an initial matter, the Court will presume that Plaintiff's factual allegations describing his medical condition are sufficient to plausibly suggest he suffered from an objectively serious medical need. *See Lopez*, 203 F.3d at 1131 ("serious medical needs" include "a medical condition that significantly affects an individual's daily activities," and "the existence of chronic and substantial pain") (citation and internal quotations omitted). To support a claim of deliberate indifference, however, Plaintiff must allege additional facts that plausibly show the course of treatment Defendants Dr. Malhotra and Dr. Zhang undertook was "medically unacceptable under the circumstances," and that they "chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo*, 935 F.3d at 786 (citations omitted). Plaintiff fails to adequately plead those additional facts.

Regarding Defendant Dr. Malhotra, Plaintiff only alleges that Dr. Malhotra purportedly did not agree to order a "test for nerve damage." Compl. at 13. As to Defendant Dr. Zhang, Plaintiff only alleges that Dr. Zhang purportedly "fail[ed] to re-schedule [a] return follow up appointment with 'neuro ophthalmologist." *Id.* at 16. The Court finds these allegations fail to support a deliberate indifference claim. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *id.* at 107 (noting that "the question whether an

x-ray . . . is indicated is a classic example of a matter for medical judgment," and that provider's failure to order "an x-ray or additional diagnostic techniques" does not constitute deliberate indifference); *Edmo*, 935 F.3d at 786 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.") (citations omitted).

Based on the above, the Court finds that Plaintiff has failed to state an Eighth Amendment claim against either Defendants Dr. Malhotra and Dr. Zhang upon which relief can be granted. Accordingly, the Court **DISMISSES** Plaintiff's inadequate medical care claims against Defendants Dr. Malhotra and Dr. Zhang.

### B.     *Single Cell Status Claim*

Plaintiff alleges that Defendants violated his constitutional rights by refusing to provide him with "single cell" status. *See* Compl. at 18–21. Plaintiff does not have a constitutional right to be housed at a particular institution or cell. *See Olim v. Wakinekona*, 461 U.S. 238, 244-50 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976). Plaintiff therefore cannot raise a claim for constitutional violations for refusing to place him in a particular cell.

To the extent that Plaintiff is attempting to state an Eighth Amendment claim for failure to protect, the Court finds that Plaintiff has failed to state a claim upon which relief could be granted. To state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," which in this context means that they were aware of but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834. If the official is not alleged to have actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege that the official "also dr[ew] the inference." *Id.* at 837.

Here, Plaintiff offers no specific factual allegations as to why he would be subjected to a risk of serious harm, other than to state that "if any inmate was placed in cell the inmate

would be assaulted in Plaintiff's 'self-defense.'" Compl. at 19. There is no explanation for why Plaintiff would assault a cellmate or any specific allegations that Plaintiff faces a serious risk to his safety if he were housed in a double cell. Plaintiff's allegations fall short of plausibly showing that any of the named Defendants could have drawn the inference that there was a substantial risk of serious harm to Plaintiff. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The Court finds that as currently pled, Plaintiff has failed to show that any Defendant consciously disregarded Plaintiff's safety or that any such conscious disregard caused Plaintiff harm. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (noting that to establish a deprivation of a constitutional right by any particular individual, plaintiff must allege that the individual, in acting or failing to act, was the actual and proximate cause of his injury). Thus, the Court **DISMISSES** Plaintiff's Eighth Amendment failure to protect claims for failing to state a claim upon which relief can be granted.

## MOTIONS FOR TRO AND PRELIMINARY INJUNCTION

Plaintiff has filed two motions requesting injunctive relief as it "pertains to claim three," which is Plaintiff's request for single cell status. ECF No. 2 at 1; ECF No. 3 at 1. Plaintiff contends that he is "currently being subjected to threat of irreparable harm by wrong classification" and requests injunctive relief in the form of a "placement on single cell status." ECF No. 2 at 2. Because the two motions are virtually identical, *see generally* ECF Nos. 2, 3, and the legal standards for each are the substantially the same, the Court will consider the motions together. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (addressing both TRO and preliminary injunction at same time because the analysis is "substantially identical").

"A preliminary injunction is an extraordinary remedy never awarded as of right, and the grant of a preliminary injunction is a matter committed to the discretion of the trial judge." *Epona v. Cnty. of Ventura*, 876 F.3d 1214, 1227 (9th Cir. 2017) (internal quotation marks and citations omitted). "A plaintiff seeking a preliminary injunction must establish

that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *All. for Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

The Prison Litigation Reform Act requires any injunctive relief to satisfy additional requirements when a prisoner seeks preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Section 3626(a)(2) places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 998–99 (9th Cir. 2000).

As noted above, the Court concludes that Plaintiff failed to state a plausible claim for relief. *See supra* at 5–7. Accordingly, the Court concludes that Plaintiff is unlikely to succeed on the merits. This alone is sufficient to deny Plaintiff's Motions. *See, e.g.*, *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (affirming district court's denial of preliminary injunction where the plaintiff "had failed to show any chance of success on the merits," which "made a determination of potential injury or a balancing of hardships unnecessary"); *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d

1048, 1059 (N.D. Cal. 2009) (granting motions to dismiss and therefore denying motion for preliminary injunction for failure to show likelihood of success on the merits).

The Court also notes that Plaintiff failed to show irreparable harm. An adequate showing of irreparable harm is the "'single most important prerequisite for the issuance of a [TRO].'" *Universal Semiconductor, Inc. v. Tuoi Vo*, No. 5:16-CV-04778-EJD, 2016 WL 9211685, at *2 (N.D. Cal. Nov. 29, 2016) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)). To successfully make that showing, the moving party must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis original). Plaintiff must do more than plausibly *allege* imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to clearly show specific facts that demonstrate a credible threat of immediate and irreparable harm. Fed. R. Civ. P. 65(b).

Here, Plaintiff generally states that he "is currently being subjected to threat of irreparable harm by wrong classification." ECF No. 4 at 2. He offers no other factual allegations from which the Court could find that he currently faces "immediate and irreparable loss or injury" because he is housed in a double cell. Without more, Plaintiff has failed to establish that he currently faces the type of immediate and credible threat of irreparable harm necessary to justify extraordinary injunctive relief at this stage of the case. *See All. for the Wild Rockies*, 632 F.3d at 1131 ("Under *Winter*, plaintiff[] must establish that irreparable harm is likely, not just possible."); *Goldie's Bookstore, Inc. v. Super. Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury.").

Accordingly, the Court **DENIES** Plaintiff's Motion for TRO and Motion for Preliminary Injunction.

## CONCLUSION

For the reasons explained, the Court:

1. **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 2);

2. **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 3);

3. **DENIES** Plaintiff's Motion for TRO (ECF No. 4); and

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1);

5. **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is electronically docketed to file an Amended Complaint which cures the deficiencies of pleading noted above. The amended complaint must be complete by itself without reference to his original pleading. Any Defendant not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6. The Clerk of the Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: December 3, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge