UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ, CDCR #T-42888,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MALHOTRA; DR. ZHANG,<br><br>Defendants. | Case No.: 3:19-cv-2056-JLS-AHG<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A** |

## I. Procedural History

Plaintiff Manuel Antonio Gonzalez, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.)

Plaintiff prepaid the $400 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he submitted his original complaint. (*See* ECF No. 5.) In addition to the original complaint, Plaintiff filed a Motion for a Temporary Restraining Order ("TRO"), a Motion for Preliminary Injunction ("PI"), and a Motion to Appoint Counsel (ECF Nos. 2, 3, 4.). Plaintiff has not requested that the Clerk issue a summons, "present[ed] a summons to the clerk for signature and seal" pursuant to Fed. R. Civ. P. 4(b), and has yet to executed service of his Complaint, TRO or PI upon any of the named Defendants.

On December 3, 2019, the Court denied Plaintiff's Motion for TRO and PI, denied his Motion to Appoint Counsel, and dismissed his complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A. (*See* ECF No. 6 at 10–11.) The Court granted Plaintiff leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 11.)

On January 14, 2020, Plaintiff filed a forty-eight page First Amended Complaint ("FAC"), as well as over seventy pages of exhibits. (*See generally* FAC, ECF No. 7.)

## II. Sua Sponte Screening pursuant to 28 U.S.C. § 1915A

### A. *Legal Standard*

Plaintiff was incarcerated at the time he filed this action. "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1915A(c); *see also Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas*, 856 F.3d at 1283 (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the

///

///

expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).[1]

Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Rule 8

As an initial matter, the Court finds that Plaintiff's FAC fails to comply with Rule 8. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief, the pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2). As stated above, Plaintiff's FAC is forty-eight pages but contains very few specific factual allegations. The Court concludes that the FAC does not meet the Rule 8 standard. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United*

---

[1] A similar screening would be required if Plaintiff were proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

*States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations."). Although dismissal is appropriate on this ground alone, the Court considers whether Plaintiff's allegations meet the Rule 12 plausibility standard.

### C. Plaintiff's Factual Allegations

On March 18, 2014, Plaintiff was "subjected" to a "head injury" which resulted in a "concussion, post concussion syndrome, long term memory loss, short term memory loss, off balance, loss of coordination, constant pressure in head." (FAC at 13.)

Plaintiff alleges Defendant Malhotra, a neurologist, failed to provide him medical care which later "resulted in high blood pressure in eyes, damage[d] eyesight, [and] irreparable nerve damage." (*Id.*) As a result of the purported failure by Malhotra, Plaintiff "will have to take prescription eye drops . . . for [his] lifetime to reduce high blood pressure in eyes." (*Id.*) Plaintiff claims Malhotra never "ordered E.M.G. test for nerve damage" which he alleges is the "appropriate test for high blood pressure in eyes." (*Id.*) Plaintiff claims that he has "nerve damage and optic nerve damage" discovered by a neuro-ophthalmologist and this damage was due to Malhotra's "failure to provide medical care." (*Id.* at 14.) Plaintiff alleges Malhotra "became aware of the serious medical condition" on June 7, 2018, but he "did not order necessary test to review cause of constant pressure to head." (*Id.* at 20.) Moreover, Plaintiff maintains that Malhotra "knew serious damage could result" by not referring Plaintiff to a "specialist for necessary test." (*Id.*)

Plaintiff claims Defendant Zhang, his "Primary Care Provider," denied him adequate medical care when Zhang purportedly failed to "re-schedule return follow up with appointment with 'Neuro Ophthalmologist,'" as "requested by 'Neuro-Ophthalmologist' in February 2019." (*Id.* at 24.) Plaintiff claims the Neuro-Ophthalmologist "ordered 'return

appointment follow up' specifically [to] monitor high blood pressure in eyes and the effects of prescription eye drops, and monitor damage eyesight." (*Id.*) Plaintiff alleges that the failure to schedule the follow up visit caused him to be "subjected to blindness, losing eyesight without specialist monitoring high blood pressure in eyes." (*Id.* at 25.)

Plaintiff seeks twenty-one (21) million dollars in compensatory and punitive damages. (*Id.* at 41.)

### D.     *Inadequate Medical Care Claims*

To the extent that Plaintiff contends Defendants Malhotra and Zhang failed to provide him with adequate medical care, he fails to allege a plausible Eighth Amendment claim. *See Iqbal*, 556 U.S. at 678; *Wilhelm*, 680 F.3d at 1121 (citing 28 U.S.C. § 1915A).

A prisoner's claim of inadequate medical care also does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires prisoners plead facts sufficient to show (1) "a 'serious medical need' by demonstrating that failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

"Serious medical needs can relate to 'physical, dental and mental health.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). But prison officials do not act in a deliberately indifferent manner unless they "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Court will presume that Plaintiff's factual allegations describing his medical condition are sufficient to plausibly suggest he suffered from an objectively serious medical need. *See Wilhelm*, 680 F.3d at 1122; *Lopez*, 203 F.3d at 1131 ("serious medical needs" include "a medical condition that significantly affects an individual's daily

activities," and "the existence of chronic and substantial pain") (citation and internal quotations omitted).

To support a claim of deliberate indifference, however, Plaintiff must allege additional facts which plausibly show the course of treatment Defendants Malhotra and Zhang chose in response to his need was "medically unacceptable under the circumstances," and that they "chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo*, 935 F.3d at 786 (citations omitted). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is present only in cases where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and where that indifference is alleged to have caused harm. *Jett*, 439 F.3d at 1096.

The alleged indifference to medical needs must also be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

As to Defendant Malhotra, Plaintiff alleges only that Malhotra purportedly never "ordered E.M.G. test for nerve damage," which he alleges is the "appropriate test for high blood pressure in eyes." (FAC at 13.) As to Defendant Zhang, Plaintiff alleges only that he purportedly "fail[ed] to reschedule return follow up appointment with 'neuro ophthalmologist.'" (*Id.* at 24.)

The Court finds that Plaintiff fails to allege facts sufficient to support a deliberate indifference claim. Plaintiff has merely alleged a difference of opinion regarding his need for medical care, which is not sufficient to raise a claim of deliberate indifference. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *id.* at 107 (noting that "the question whether an

x-ray . . . is indicated is a classic example of a matter for medical judgment," and that provider's failure to order "an x-ray or additional diagnostic techniques" does not constitute deliberate indifference); *Edmo*, 935 F.3d at 786 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.") (citations omitted).

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment claim against either Malhotra or Zhang upon which relief can be granted.

## III. Conclusion and Order

For the reasons explained, the Court:

1. **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and for violating Federal Rule of Civil Procedure 8.

2. **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is electronically docketed in which to file an amended complaint which cures the deficiencies of pleading noted. The amended complaint must be complete by itself without reference to his original pleading. Any Defendant not named and any claim not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an amended complaint within 45 days, the Court will dismiss this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint,

///

a district court may convert the dismissal of the complaint into dismissal of the entire action.").

3.     **DIRECTS** the Clerk of the Court to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: April 7, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge