UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONION GONZALEZ, CDCR #T-42888,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DR. MALHOTRA; DR. ZHANG; WARDEN OF R. J. CORRECTIONAL FACILITY; ASSOCIATE WARDEN OF RJD,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-2056-JLS-AHG<br><br>**ORDER: (1) DENYING MOTION FOR RECONSIDERATION; AND (2) DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A** |

**I.     Procedural History**

Plaintiff Manuel Antonio Gonzalez, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)

Plaintiff prepaid the $400 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he submitted his original complaint. (*See* ECF No. 5.) In addition, Plaintiff filed a Motion for a Temporary Restraining Order ("TRO"), a Motion for Preliminary Injunction ("PI"), and a Motion to Appoint Counsel together with his Complaint (ECF Nos. 2, 3, 4.). Plaintiff has not requested that the Clerk issue a summons,

1  "present[ed] a summons to the clerk for signature and seal" pursuant to Fed. R. Civ. P.
2  4(b), or has yet executed service of his complaint, TRO or PI upon any of the named
3  Defendants.

4  On December 3, 2019, the Court denied Plaintiff's Motion for TRO and PI, denied
5  his Motion to Appoint Counsel, and dismissed his Complaint for failing to state a claim
6  pursuant to 28 U.S.C. § 1915A.  (*See* ECF No. at 10-11.)  However, Plaintiff was given
7  leave to file an amended complaint in order to correct the deficiencies of pleading identified
8  in the Court's Order.  (*Id.* at 11.)

9  On January 14, 2020, Plaintiff filed a forty-eight (48) page First Amended Complaint
10 ("FAC"), as well as over seventy (70) pages of exhibits.  (*See* FAC, ECF No. 7.)  On April
11 7, 2020, the Court determined that Plaintiff failed to comply with Federal Rule of Civil
12 Procedure 8 and failed to state a claim upon which relief could be granted; therefore, the
13 Court dismissed his FAC with leave to file an second amended complaint.  (*See* ECF No.
14 8 at 7–8.)

15 On May 11, 2020, Plaintiff filed a forty-six (46) page Second Amended Complaint
16 ("SAC"), as well as over eighty (80) pages of exhibits.  (*See* SAC, ECF No. 9.)  Plaintiff
17 has also filed a Motion for Reconsideration in which he objects to the citation to *Ashcroft*
18 *v. Iqbal*, 556 U.S. 662, 678 (2009) in analyzing whether he has stated a claim upon which
19 relief may be granted.  (*See* Mot., ECF No. at 11.)

20 **II.    Motion for Reconsideration**

21 Plaintiff argues that the Court's reliance on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
22 in screening his FAC was misplaced.  (Mot. at 1.)  Specifically, Plaintiff alleges that the
23 facts in *Iqbal* involved "a national and international security emergency unprecedented in
24 the history of the American Republic."  (*Id.* at 1 (citing *Iqbal*, 556 U.S. at 670).)  Plaintiff
25 maintains that the "current complaint [FAC] will almost certainly be more ordinary than
26 *Iqbal*, and Higher Courts may not demand such detailed pleading." (*Id.*)  Instead of *Iqbal*,
27 Plaintiff maintains that the Court should rely on *Bell Atlantic Corp. v. Twombly*, 550 U.S.
28 544 (2007).  (*Id.*)

Even though the facts in *Iqbal* are not at all comparable to the facts in Plaintiff's case, that is immaterial. In 2007, the Supreme Court decided *Twombly* and held that a claim may be dismissed if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (abrogating pleading standard established by *Conley v. Gibson*, 355 U.S. 41, 78 (1957)). Two years later, in *Iqbal*, the Supreme Court clarified the rule set forth by *Twombly* and held that detailed factual allegations are not required, but "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 668. The Court looks to *Iqbal*, not for a comparison of the specific factual allegations, but rather for the pleading standard required by the Supreme Court's decisions in determining whether Plaintiff has stated sufficient facts to state a claim upon which relief may be granted.

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent, or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). Therefore, Plaintiff's Motion for Reconsideration is **DENIED**.

**II.     Sua Sponte Screening pursuant to 28 U.S.C. § 1915A**

   *A.     Legal Standard*

Plaintiff was incarcerated at the time he filed this action. "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1915A(c); *see also Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v.*

*Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (alterations in original). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas*, 856 F.3d at 1283 (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).[1]

Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

///

---

[1] A similar screening would be required if Plaintiff were proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### B. Rule 8

Once again, the Court finds that Plaintiff's SAC fails to comply with Federal Rule of Civil Procedure 8. Rule 8 provides that in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2); *see McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

In fact, Plaintiff's SAC is a photocopy of Plaintiff's FAC.[2] Accordingly, Plaintiff still fails to comply with Rule 8 for all the reasons set forth in the Court's previous Orders.

### C. Plaintiff's Factual Allegations[3]

On March 18, 2014, Plaintiff was "subjected" to a "head injury" which resulted in a "concussion, post concussion syndrome, long term memory loss, short term memory loss, off balance, loss of coordination, constant pressure in head." (FAC at 13.) Plaintiff alleges Defendant Malhotra, a neurologist, failed to provide him medical care which later "resulted in high blood pressure in eyes, damaging eyesight, irreparable nerve damage." (*Id.*) As a result of the purported failure by Malhotra, Plaintiff "will have to take prescription eye

---

[2] In addition, a review of Plaintiff's original complaint and the FAC demonstrate that, while his FAC was not a photocopy of his original complaint, it was virtually identical.

[3] The Court refers to the Court's summary of his factual allegations found in his FAC set forth in the April 7, 2020 Order because Plaintiff's SAC is merely a photocopy of his FAC.

drops . . . for [his] lifetime to reduce high blood pressure in eyes." (*Id.*) Plaintiff claims Malhotra never "ordered E.M.G. test for nerve damage" which he alleges is the "appropriate test for high blood pressure in eyes." (*Id.*) Plaintiff claims that he has "nerve damage and optic nerve damage" discovered by a neuro-ophthalmologist and this damage was due to Malhotra's "failure to provide medical care." (*Id.* at 14.)

Plaintiff alleges Malhotra "became aware of the serious medical condition" on June 7, 2018 but he "did not order necessary test to review cause of constant pressure to head." (*Id.* at 20.) Moreover, Plaintiff maintains that Malhotra "knew serious damage could result" by not referring Plaintiff to a "specialist for necessary test." (*Id.*)

Plaintiff claims Defendant Zhang, his "Primary Care Provider," denied him adequate medical care when Zhang purportedly failed to "re-schedule return follow up with appointment with 'Neuro Ophthalmologist,' as "requested by 'Neuro-Ophthalmologist' in February 2019." (*Id.* at 24.) Plaintiff claims the Neuro-Ophthalmologist "ordered 'return appointment follow up' specifically [to] monitor high blood pressure in eyes and the effects of prescription eye drops, and monitor damage eyesight." (*Id.* at 24.) Plaintiff alleges that the failure to schedule the follow up visit caused him to be "subjected to blindness, losing eyesight without specialist monitoring high blood pressure in eyes." (*Id.* at 25.)

Plaintiff seeks twenty-one million dollars in compensatory and punitive damages. (*See id.* at 41.)

### D.   *Inadequate Medical Care Claims*

To the extent that Plaintiff contends Defendants Malhotra and Zhang failed to provide him with adequate medical care, he again fails to allege a plausible Eighth Amendment claim. *See Iqbal*, 556 U.S. at 678; *Wilhelm*, 680 F.3d at 1121 (citing 28 U.S.C. § 1915A).

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires a

plaintiff to plead facts sufficient to show (1) "a 'serious medical need' by demonstrating that failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

"Serious medical needs can relate to 'physical, dental and mental health.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). But prison officials do not act in a deliberately indifferent manner unless they "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

As an initial matter, the Court will, once again, presume that Plaintiff's factual allegations describing his medical condition are sufficient to show he suffered from an objectively serious medical need. *See Wilhelm*, 680 F.3d at 1122; *Lopez*, 203 F.3d at 1131 ("serious medical needs" include "a medical condition that significantly affects an individual's daily activities," and "the existence of chronic and substantial pain") (citation and internal quotations omitted).

To support a claim of deliberate indifference, however, Plaintiff must allege additional facts which plausibly show the course of treatment Defendants Malhotra and Zhang chose in response to his need was "medically unacceptable under the circumstances," and that they "chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo*, 935 F.3d at 786 (citations omitted). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is present only in cases where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and where that indifference is alleged to have caused harm. *Jett*, 439 F.3d at 1096.

The alleged indifference to medical needs must also be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional

violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

As to Defendant Malhotra, Plaintiff only alleges that Malhotra purportedly never "ordered E.M.G. test for nerve damage" which he alleges is the "appropriate test for high blood pressure in eyes." (SAC at 14.) As to Defendant Zhang, Plaintiff only alleges that he purportedly "fail[ed] to re-schedule return follow up appointment with 'neuro ophthalmologist.'" (*Id.* at 25.) The Court finds that Plaintiff fails to allege facts sufficient to support a deliberate indifference claim. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *id.* at 107 (noting that "the question whether an x-ray . . . is indicated is a classic example of a matter for medical judgment," and that provider's failure to order "an x-ray or additional diagnostic techniques" does not constitute deliberate indifference); *Edmo*, 935 F.3d at 786 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.") (citations omitted).

Here, the Court finds that Plaintiff has merely alleged a difference of opinion regarding his need for medical care. Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment claim against either Malhotra or Zhang upon which relief can be granted.

### E.     *Leave to Amend*

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies on two occasions, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007

(9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III.   Conclusion and Order

For the reasons explained, the Court:

1. **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 11.);

2. **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and for violating Rule 8;

3. **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4. **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: June 2, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge